975 F.2d 868
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mary BARR, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 91-3594.
 United States Court of Appeals, Federal Circuit.
 July 2, 1992.
 
 Before PAULINE NEWMAN, Circuit Judge, SKELTON, Senior Circuit Judge, and MAYER, Circuit Judge.
 SKELTON, Senior Circuit Judge.
 
 DECISION
 
 1
 Mary A. Barr, petitioner, appeals from a decision of the Merit Systems Protection Board (board), Docket No. SFO8319110194, dated August 22, 1991, dismissing her appeal from a decision of the Office of Personnel Management (OPM) denying her survivor annuity benefits as untimely. We affirm.
 
 DISCUSSION
 
 2
 The petitioner applied to the OPM for survivor annuity benefits under the Civil Service Retirement System as the former wife of a Government employee. OPM denied her application in an initial decision dated March 20, 1990, and also in a reconsideration decision issued May 3, 1990. Her application was denied because it had not been filed by May 8, 1989, as required by 5 C.F.R. 831.622(a). She was advised by OPM that she must file an appeal with the board within 25 days if she desired to do so. This required her to file it by May 28, 1990. She did not do so within that time, but on June 4, 1990, she wrote an appeal letter to the OPM instead of to the board. OPM responded by telling her she had to appeal to the board. She then filed an appeal with the board on November 20, 1990. The board considered that she had filed it with the board on June 4, 1990, even though it was sent to OPM. However, June 4, 1990, was too late as she was required to file her appeal by May 28, 1990. She was notified by the board that the board could waive the late filing for good cause, and invited her to show good cause. She then sent a letter to OPM saying she did not file her application sooner because she did not know she was entitled to survivor annuity benefits based on the service of her former husband until he told her she was eligible to receive them. She wrote this good cause letter to OPM instead of to the board. Therefore, she did not present any reason or good cause for late filing with the board. The board then dismissed her appeal as being untimely filed. Petitioner then appealed to the full board. Her petition for review was filed with the board on March 21, 1991. However, it was required to have been filed on March 20, 1991. She was again invited by the board to show good cause for this late filing. She responded by saying that her mail carrier had not delivered her mail in a timely fashion, and that she did not receive the March 5, 1991, notice from the clerk in a timely fashion. Her letter to this effect was dated March 17, 1991, which showed that she had notice from the clerk at least three days before the filing deadline on March 20, 1991. In an opinion dated August 22, 1991, the board held that she had not shown good cause for her late filing and dismissed her petition for review as untimely filed.
 
 
 3
 We find no error in the decision of the board, and it is affirmed.